UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| HOWARD SMITH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-2014-RLY-TAB |
| | ) | |
| DEPARTMENT OF METROPOLITAN | ) | |
| DEVELOPMENT and INDIANAPOLIS | ) | |
| HISTORICAL PRESERVATION | ) | |
| COMMISSION, | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, the Department of Metropolitan Development and the Indianapolis

Historical Preservation Commission ("IHPC"), rejected Plaintiff Howard Smith's

application for a permit to replace the wood windows of an apartment building he owns

with vinyl windows.  According to Smith, this rejection was based on his race and was a

violation of 42 U.S.C. § 1981.  The matter is now before the court on Defendants' Motion

for Summary Judgment.  For the following reasons, Defendants' motion is **granted**.

**I.      Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue of material fact and that the moving party is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  A fact is material if it is outcome determinative.

1

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine "only when a reasonable jury could find for the party opposing the motion based on the record as a whole."  *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

When deciding whether a genuine issue of material fact exists, the court must "draw all inferences in the light most favorable to the non-movant.  But in so doing, we draw only reasonable inferences, not every conceivable inference."  *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987) (internal citation omitted).  The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial.  *Celotex*, 477 U.S. at 322.

## II.    Background

Smith, who is African American, owns a three story brick apartment building located at 219 East 17th Street in Indianapolis, Indiana.  The building is located in Herron-Morton Place, which was declared a National Register District in 1983 and a local historic area in 1984.  In 1986, Defendants adopted the Herron-Morton Historic Area Preservation Plan (the "Plan").  The Plan includes guidelines for renovating and replacing windows.  It states that window replacement "should only be done if necessary and if similar to the original."  (Affidavit of David L. Baker Aff. Ex. A).  It also says that window replacement should only be done when "the existing windows are not original

2

and are not significant" or "the condition of the existing windows is so deteriorated that repair is not economically feasible."  (*Id.*).

In March 2003, Smith removed two original wood windows from his building and replaced them with vinyl windows.  Smith then discovered that he needed to get approval from the IHPC before replacing those and other windows.  On April 1, 2003, Smith applied for a Certificate of Appropriateness ("COA") from IHPC, requesting to replace the existing wood windows with the vinyl windows he had purchased.  A public hearing on his request was held on May 7, 2003.  Smith's application was constructively denied when his case was continued at the conclusion of the hearing.  (Baker Aff. Ex. C).  On December 10, 2004, Smith filed suit, alleging that the IHPC rejected his application on the basis of his race.

## III.   Analysis

Smith argues his discrimination case under the indirect method articulated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).  In order to establish his prima facie case of discrimination using the indirect method, Smith needs to show that: (1) he is a member of a protected class; (2) Defendants intended to discriminate against him on the basis of race; and (3) the discrimination interfered with a protected activity. *E.g.*, *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004).  Defendants concede that Smith is a member of a protected class.  (Brief in Support at 6).

There is no evidence that Defendants intended to discriminate against Smith on the basis of his race.  Smith argues that several similarly situated white people have been

granted COAs for window replacements in Herron-Morton.  However, the court agrees with Defendants that each of those examples is distinguishable on the facts – some of the houses in question no longer had their original windows, and others would have been economically infeasible to repair.  (*See generally*, Baker Dep.; Reply Brief at 5-11). Because Smith cannot show that similarly situated individuals outside of his protected class have been treated more favorably than he has, he cannot satisfy the second element of his prima facie case.

Even assuming, arguendo, that Smith did establish a prima facie case of discrimination, Defendants have articulated a legitimate, non-discriminatory reason for their actions (i.e., compliance with the Plan).  Their articulated reason shifts the burden back to Smith to show that the asserted reason is pretextual.  *See Russell v. Acme-Evans Co.*, 51 F.3d 64, 68 (7th Cir. 1995).  Smith has offered no reason to believe that Defendants' actions were pretextual, except for his conclusory assertion that Defendants allowed similarly situated white property owners to do what they have forbidden Smith from doing.  (Response at 10).  As explained above, none of the comparators referenced by Smith were seeking to make the same type of replacement to windows in the same condition that he was.  Therefore, the court is unable to infer pretext.  *See Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994) (a Plaintiff arguing pretext "is only entitled to the benefit of all reasonable or justifiable inferences when confronted with a motion for summary judgment").

4

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Docket #

25) is **granted**.

**So ordered** this 26th day of October 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Lakshmi Devi Hasanadka
CORPORATION COUNSEL
lhasanad@indygov.org

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@swh-law.com